CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 27 2012

JULIA A DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVAYON SAUNDERS, | ) | CASE NO. 7:12CV00273 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| UNKNOWN, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Davayon Saunders, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the judgment of the Roanoke City Circuit Court under which he stands convicted of robbery and use of a firearm in the commission of robbery and sentenced to seven years in prison. Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice for failure to exhaust state court remedies.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims, throughout the state court system, to the highest state court with jurisdiction to consider the claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, after his conviction in the trial court, the defendant can file a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia. As to claims that generally cannot be addressed on appeal, such as claims of ineffective assistance of trial counsel,[1] the defendant's state court remedies in Virginia include filing a state habeas petition with the Circuit Court

---

[1] See Lenz v. Commonwealth, 544 S.E. 2d 299, 304 (Va. 2001) (claims raising ineffective assistance of counsel in a Virginia criminal case must be asserted in a habeas corpus proceeding and are not cognizable on direct appeal).

where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia, Va. Code Ann. § 8.01-654(a)(1); § 17.1-411, or in the alternative, filing a state habeas petition directly with the Supreme Court of Virginia. § 8.01-654(a)(1). Whichever route he follows in exhausting state court remedies, a defendant must ultimately present his claims to the Supreme Court of Virginia before a federal district court can consider the merits of his claims under § 2254.

In this § 2254 petition, Saunders alleges that his trial counsel was ineffective in advising him to proceed to trial instead of accepting a plea bargain. Saunders indicates on his petition that he raised this claim on appeal. The information he offers about his attempts at post-conviction relief, however, is sparse and inconsistent. The petition does indicate, and online state court records verify, that Saunders' direct appeal of his robbery and use of a firearm convictions to the Court of Appeals of Virginia (Record No. 2450-11-3) was just refused by a three-judge panel on June 5, 2012. Neither Saunders' petition nor online state court records indicate that Saunders has filed a direct appeal from the Court of Appeals' decision to the Supreme Court of Virginia. Likewise, neither Saunders' petition nor online court records indicate that Saunders has ever filed a petition for a writ of habeas corpus in the Roanoke City Circuit Court or in the Supreme Court of Virginia.

It is clear from the petition and the online records that Saunders has available state court remedies that he has not yet pursued. First, if he acts quickly, he can still pursue a direct appeal from the Court of Appeals' decision to the Supreme Court of Virginia. Thereafter, he can present his ineffective assistance claims in a petition for a writ of habeas corpus in the Roanoke City Circuit Court or in the Supreme Court of Virginia.

Because Saunders' current petition indicates that he has available state court remedies at this time, this court must dismiss his § 2254 petition without prejudice.[2] See Slayton v. Smith, 404 U.S. 53, 54 (1971) (finding that § 2254 habeas petition must be dismissed without prejudice if petitioner has not presented his claims to the appropriate state court and could still do so). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 27th day of June, 2012.

Chief United States District Judge

---

[2] The court notes that even if Saunders had exhausted his state court remedies, his § 2254 petition would have to be denied, because he fails to state any facts in support of his claims of ineffective assistance. If he decides to pursue a § 2254 petition after completing all available proceedings in the state courts, he will need to make a more complete statement of his claims for relief.

3